UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JILLIAN GERSTENBERGER, individually,
and on behalf of all others similarly situated,

     Plaintiff,

vs.                                                                              **Class Action**

BOLUFE ENTERPRISES, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT
and
## JURY DEMAND

This is a class action lawsuit alleging that the Defendant, Bolufe Enterprises, Inc.,
violated the Telephone Consumer Protection Act and implementing regulations by using
automatic telephone dialing systems ("ATDS") to send Text Message Advertisements to
Plaintiff and the putative class members promoting its used car business without obtaining
Prior Express Written Consent.  Plaintiff, Jillian Gerstenberger, on behalf of a class of
persons similarly situated, seeks statutory damages for each violation.

## PRELIMINARY STATEMENT

1.     The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227
("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free
from certain harassing and privacy-invading conduct, including, but not limited to, using
an automatic telephone dialing system to send text messages to cell phones and other
mobile services, and authorizes an award of damages whenever a violation occurs.  The
TCPA provides a private right of action and statutory damages for each violation.  Congress

1

and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted telemarking robo calls and texts.  A violation of the TCPA presents a risk of real harm to consumers as each unwanted call or text message can result in the nuisance and invasion of privacy contemplated by Congress by (1) forcing the consumer to incur charges, (2) depleting a cell phone's battery, (3) invasion of privacy, (4) intrusion upon and occupation of the capacity of the cell phone, (5) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction, and (6) shifting the cost of adverting to the consumer in violation of the TCPA.

2.      Plaintiff, Jillian Gerstenberger, individually and on behalf of all others similarly situated, sues the Defendant for violations of the TCPA arising from the use of an ATDS to send text messages that constitute advertisements and telemarketing to cell phones and other mobile services ("Text Message Advertisements").  Two of the Text Message Advertisements sent to Plaintiff are attached hereto as Composite Exhibit 1.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as the Text Message Advertisements were sent by or on behalf of Defendant to Plaintiff's cell phone in Miami-Dade County, Florida.

## PARTIES

5.      Plaintiff resides in Miami-Dade County, Florida.

6.      Defendant Bolufe Enterprises, Inc.[1] is an independent used car dealer having Department of Motor Vehicles license 1011591.  Defendant acquires used vehicles to maintain its inventory and sells vehicles from its inventory to customers.  Defendant sends illegal Text Message Advertisements to promote the availability and quality of its car buying service ("We pay cash instantly for your car!") and to advertise discounts ("30% Off") of used cars it is selling from inventory.

## GENERAL ALLEGATIONS

7.      On several occasions, including, but not limited to, May 19, 2018, and June 8, 2018, Defendant sent Text Message Advertisements to Plaintiff's cell phone.

8.      The May 19, 2018, Text Message Advertisement that Plaintiff received appears as follows:



---

[1] The Text  Message Advertisement uses the name Bolufe Auto Sales, but Defendant has not registered the fictitious name with the Florida Division of Corporations.

9.      Translated to English, the May 19, 2018, Text Message Advertisement

reads:

>   We Pay Cash Instantly for your Car!
>
>   WANT TO SELL YOUR CAR? LET'S TALK ABOUT IT.
>   (original English)
>
>   Do you want to sell your car? At Bolufe Auto Sales we offer the best
>   sales experience in the market! Visit us and get more for your
>   vehicle than expected in just minutes! Receive your CASH money
>   instantly!
>
>   Call For Details:
>   305-602-8193
>   Visit us: 5601 W Flager St,
>   Miami, FL 33134

10.     The May 18, 2018, Text Message Advertisement clearly promotes the

quality and availability of Defendant's car buying service. Defendant touts that it offers

"the best sales experience in the market!"  Defendant claims that it will pay "more for your

vehicle than expected in just minutes!"  The Text Message Advertisement twice offers to

pay "CASH money instantly" when the recipient brings a car to the dealer.

11.     All of these claims are intended to entice recipients to "Visit" Bolufe Auto

Sales and are a part of an overall marketing scheme to buy and to sell cars and also serve

as a prelude to subsequent offers for the sale of Defendant's cars.

12.     On June 8, 2018, Plaintiff received one such subsequent offer for the sale

of Defendant's cars that appears as follows:



13.      Translated to English, the June 8, 2018, Text Message Advertisement reads:

Super Summer Deals!
Summer Sale 30% Off (in English)
This summer Live it to the Max with incredible offers from Bolufe Auto Sales. Get up to
30% discount on the purchase of your car! Do not have credit? Problems with your credit?
We can help!
Information: 305-290-3080
Visit us: 5601 W Flagler St,
Miami FL 33134

14.  Defendant clearly promotes the sale of its used cars by offering a 30% discount

and help for those who do not have credit, or have problems with their credit. The contact

information provided on both Text Message Advertisements is the telephone number and

street address of Defendant.

14.      Upon information and belief, Defendant used an ATDS to send the Text

Message Advertisements to Plaintiff and other persons and entities.

15.     Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200, text messages that constitute advertising or telemarketing that are sent with the use of an ATDS may not be sent to persons or entities without obtaining Prior Express Written Consent.

16.     However, Defendant sent the Text Message Advertisements despite not obtaining Plaintiff's Prior Express Written Consent.

17.     Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(f)(8), text messages that are telemarketing or advertisements may not be sent to persons or entities without obtaining Prior Express Written Consent of the recipient. The requisite consent is not effectuated without first obtaining a written agreement signed by the person or entity being texted that states: "By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

18.     Defendant sent the Text Message Advertisements without obtaining Plaintiff's or the other recipients Prior Express Written Consent to send text messages using an ATDS, and without obtaining the signature of Plaintiff or the other recipients on a written agreement that states: "By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

19.     By sending the Text Message Advertisements without Prior Express Written Consent, Defendant harmed Plaintiff and the Plaintiff Class by: (1) exposing the consumer to text charges, (2) depleting a cell phone's battery, (3) invasion of privacy, (4) intrusion upon and occupation of the capacity of the cell phone, and (5) wasting the

consumer's time or causing the risk of personal injury due to interruption and distraction, and (6) shifting the cost of adverting to the consumer in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of herself and a class of all persons similarly situated.

21.    Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Plaintiff Class") defined as:

> "All persons and entities that were sent one or more of the Text Message Advertisements, including, but not limited to those attached as Composite Exhibit 1, on or after June 9, 2014, to recipients that did not provide Defendant with Prior Express Written Consent to send text messages using an ATDS."

22.    Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

23.    Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the class.  Common material questions of fact and law include, but are not limited to, the following:

a.    whether Defendant (or another on its behalf) used an ATDS to send the Text Message Advertisement to Plaintiff and other members of the class;

b.    whether the Text Message Advertisements constitute Advertisements;

c.    whether the Text Message Advertisements constitute Telemarking;

d.    whether the Text Message Advertisements are part of an overall marketing campaign to buy and sell used vehicles;

e.   whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on its behalf use) an ATDS to send Text Message Advertisements to Plaintiff and the class members without obtaining Prior Express Written Consent;

f.   whether Plaintiff and the other members of the class are entitled to statutory damages;

g.   whether Plaintiff and the other members of the class are entitled to statutory damages;

h.   whether Plaintiff and the other members of the class are entitled to treble damages; and

i.   whether Plaintiff and the other members of the Plaintiff class are entitled to treble damages.

24.     Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the class.  Plaintiff alleges that Defendant sent the same Text Message Advertisements to Plaintiff and the other class members using an ATDS.  Plaintiff raises questions of fact and law common to the class members.  They share the common injuries of (1) exposing the consumer to incur text charges, (2) depleting a cell phone's battery, (3) invasion of privacy, (4) intrusion upon and occupation of the capacity of the cell phone, and (5) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction, and (6) shifting the cost of adverting to the consumer in violation of the TCPA.  Defendant has acted the same or in a similar manner with respect to the each class member.

25.     Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The named

Plaintiff will fairly and adequately represent and protect the interests of the class members.

Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary

duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic

to the interests of the other class members..  Plaintiff has a strong personal interest in the

outcome of this action and has retained experienced class counsel to represent her and the

other class members.

26.     Class Counsel is experienced in class action litigation and has successfully

litigated class claims.

27.     Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)): A class action is

superior to all other available methods for the fair and equitable adjudication of the

controversy between the parties.  Common questions of law and fact predominate over any

questions affecting only individual members, and a class action is superior to other methods

for the fair and efficient adjudication of the controversy because:

a.  proof of Plaintiff's claims will also prove the claims of the class members

without the need for separate or individualized proceedings;

b.  evidence regarding defenses or any exceptions to liability that Defendant may

assert and prove will come from Defendant's records (or that of its agent who

transmitted the Text Message Advertisements) and will not require

individualized or separate inquiries or proceedings;

c.  Defendant has acted and may be continuing to act pursuant to common policies

or practices by sending the Text Message Advertisements to Plaintiff and the

class members.

d.  the amount likely to be recovered by individual class members does not support individual litigation;

e.  a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.  this case is inherently manageable as a class action in that:

    i.  Defendant and/or its agent(s) identified the persons or entities to send the Text Message Advertisements and it is believed that Defendant's computer and business records, or that of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.  liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

    iii.  statutory damages for violation of the TCPA are the same for each class member;

    iv.  a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

    v.  a class action will contribute to uniformity of decisions concerning Defendant's practices; and

    vi.  as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

## Count 1
## Claim for Relief for Violations of the TCPA

28.     Plaintiffs reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 27 above.

29.     Plaintiff brings this action against the Defendant for sending Text Message Advertisements to the class members in violation of the TCPA and its implementing regulations.

30.     Defendant violated the TCPA and implementing regulation 47 C.F.R. § 64.1200(2), by initiating, or authorizing, a call using an ATDS to send Text Message Advertisements to the phone numbers of Plaintiff and the class without receiving Prior Express Written Consent.

31.     The named Plaintiff and class members are entitled to $1,500 in statutory damages against Defendant for each Text Message Advertisement that was sent willfully or knowingly using an ATDS to class members without obtaining the requisite Prior Express Written Consent from class members.

32.     In the alternative, the named Plaintiff and class members are entitled to $500 in statutory damages against Defendant for each Text Message Advertisement that was negligently sent using an ATDS without obtaining the requisite Prior Express Written Consent from class members.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendant and request an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff, Jillian Gerstenberger, as the representative of the members of the

class defined above, and appointing the undersigned as counsel for the members of the class;

B. finding that Defendant caused the Text Message Advertisements to be sent to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each Text Message Advertisement that was knowingly and willfully sent to Plaintiff and each class member;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each Text Message Advertisement that was negligently sent to Plaintiff and to each class member;

E. entering a judgment in favor of the Plaintiff as representative of the members of the  class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H. granting such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin FL 34698
Tel: (305) 323-6433

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By:  _s/ Richard Bennett_
         Richard Bennett