# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22312-Civ-TORRES

JILLIAN GERSTENBERGER,
individually, and on behalf of all
others similarly situated,

       Plaintiff,

vs.

BOLUFE ENTERPRISES, INC.,

       Defendant.

_____/

## FINAL APPROVAL ORDER

This matter was before the Court on the Parties' joint request for final approval of the class action settlement [D.E. 38]. Following the issuance of a Preliminary Class Settlement Approval Order, a hearing was set for consideration of final approval of the settlement, together with consideration of any objections. A hearing was held on June 21, 2019, for that purpose, at which no objection was presented to final approval. A period of time has now passed following that hearing before entry of this Order, during which time no other objections were filed or submitted prior to the entry of this Final Approval Order.

Accordingly, IT IS HEREBY ORDERED:

1.    This Court has jurisdiction over plaintiff, Jillian Gerstenberger ("Plaintiff"), defendant, Bolufe Enterprises, Inc. ("Defendant"), each of their counsel, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the settlement of this action, as embodied in the terms of the Settlement Agreement (D.E. 35- 1), is hereby finally approved as a fair, reasonable, and adequate settlement of this case.  We find that his final approval is in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

3.      The "Settlement Class" is defined as follows:

All persons and entities that were sent one or more text messages by or on behalf of Defendant advertising or promoting Defendant's goods or services, at any time between May 10, 2018, and July 6, 2018.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

4.      The Court finds that the Class Notice that was given to members of the Settlement Class in this action was the best notice practicable under the circumstances, was reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the settlement class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

5.      The Court finds that notice was given by Defendant to the U. S. Attorney General and the Attorney General of Florida, in accordance with the Class Action Fairness Act 28 U.S.C. § 1715.

6.      Zero objections was/were received from any source and zero parties appeared in Court at the fairness hearing to object to the settlement. No objections

were received after the fairness hearing was conducted.  To the extent any objections could have been made, they are now either waived or otherwise overruled.

7.    Zero persons validly opted out of the Settlement Class and the Settlement.

8.    The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the class's success on the merits of the claims; the range of their possible recovery; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; the state of proceedings at which the settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. This Court also finds that the financial terms of the Settlement fall well within the range of settlement terms that would be considered fair, adequate and reasonable.  As the record shows, those terms materially benefit the class and the underlying purpose behind the federal statutes that govern this case.  This finding is informed by the strong judicial policy favoring settlement as well as the realization that compromise is the essence of a fair and reasonable settlement.

9.    Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including all members of the Settlement Class. Each member of the Settlement Class, including any person or entity claiming by or through him, her, or it, but except for those who have previously excluded themselves in accordance with the terms of the

Settlement Agreement, shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

10.     Defendant has agreed to make available (or cause its insurers to make available), a total of four hundred and ninety-five thousand dollars ($495,000.00) (the "Settlement Fund") to settle this Litigation and all claims asserted herein, with the Settlement Fund being used to pay members of the Settlement Class, who timely submit valid and approved claims as further defined herein.  The agreement also requires Defendant to pay fees and reasonable costs to Plaintiff's counsel, to pay an incentive award to Jillian Gerstenberger as Class Representative, and to pay the costs of notifying the Settlement Class and administering the settlement through a third-party claims administrator.  That administration process is well underway.

11.     As the parties agreed in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form shall be paid $175.00. The Court finds that this monetary sum is a material benefit to the class and represents a tangible recovery that is equal to, or at least materially comparable to, any monetary sum that a member of the class may have received had the case proceeded to final adjudication.  And given the absence of any objection to such recovery, the record fully supports the Court's approval of this settlement payment to all members of the Settlement Class.

12.     Pursuant to the parties' agreement, the Court approves Class  Counsel's attorneys' fees in the total amount of $165,000.00 inclusive of out-of-pocket litigation expenses. The Count finds the amount of Class Counsel's attorneys' fees to be

reasonable under the circumstances of this case. This amount shall be paid exclusively from the Settlement Fund pursuant to the parties' agreement.

13.     Pursuant to the parties' agreement, the Court approves a $7,500.00 incentive award to Plaintiff for serving as the Class Representative. This amount shall be paid exclusively from the Settlement Fund pursuant to the parties' agreement.

14.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

15.     This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

16.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement.  All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendant in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

17.     The Court retains continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendant, to determine all matters

relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

18.    The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

19.    It is further Ordered that:

A.    The Settlement Administrator shall distribute the settlement funds to the Settlement Class Members that have submitted timely claims;

B.    This case is now DISMISSED with prejudice to all claims by the settlement class;

C.    The Court retains jurisdiction to enforce all terms set forth herein;

D.    The Clerk shall CLOSE this case.

**DONE AND ORDERED** in Miami, Florida, this 30th day of July, 2019.

EDWIN G. TORRES
United States Magistrate Judge